**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| LLOYD E. ALLEN, | ) | 4:14CV3049 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| SCOTT FRAKES, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner Lloyd Allen's ("Allen" or "Petitioner") Petition for Writ of Habeas Corpus. (Filing No. 1.) As set forth below, the court will dismiss the petition with prejudice because it is barred by the relevant statute of limitations.

## I. BACKGROUND

### A. Conviction and Direct Appeal

On June 21, 2010, the State of Nebraska ("State") filed an information in the Sarpy County District Court ("state district court") charging Allen with terroristic threats and with being a habitual criminal. (Filing No. 18-10 at CM/ECF p. 9.) A jury found Allen guilty of terroristic threats on October 27, 2010. (*Id.* at CM/ECF p. 31.) The state district court sentenced Allen to a term of not less than 10 nor more than 20 years' imprisonment based on the conviction and the habitual-criminal enhancement. (*Id.* at CM/ECF p. 32.)

Allen appealed. (*Id.* at CM/ECF p. 1.) The Nebraska Court of Appeals affirmed Allen's conviction and sentence in a memorandum opinion on February 7, 2012. (Filing No. 18-3 at CM/ECF pp. 1-11.) Thereafter, the Nebraska Supreme Court denied a petition for further review on March 28, 2012. (Filing No. 18-1 at CM/ECF pp. 2-3.)

### B. Post-Conviction Proceedings

Allen filed a motion for post-conviction relief in the state district court on July 23, 2012. (Filing No. 18-11 at CM/ECF pp. 20-106.) The state district court denied post-conviction relief on August 16, 2012. (*Id.* at CM/ECF pp. 126-130.)

On September 4, 2012, Allen filed a "Motion for Extension of Time to File Appeal on Post Conviction Denial" in the state district court. (*Id.* at CM/ECF p. 131.) On September 6, 2012, the presiding judge in the state district court advised Allen that he had "no authority to continue [Allen's] appeal time" and that Allen "may have to file something with [the] court of appeals or supreme court." (*Id.* at CM/ECF p. 133.)

Allen filed a notice of appeal in the state district court on April 18, 2013. (*Id.* at CM/ECF p. 1.) The Nebraska Court of Appeals dismissed the appeal as untimely on May 22, 2013. (Filing No. 18-2 at CM/ECF p. 2.) The Nebraska Supreme Court denied a petition for further review on June 26, 2013, and issued its mandate on July 15, 2013. (*Id.*)

**C. Habeas Corpus Petition**

Allen filed his habeas corpus petition in this court on March 6, 2014. (Filing No. 1.) In response to the petition, Respondent filed an answer, a brief in support of the answer, and the relevant state court records. (Filing Nos. 18, 21, and 22.) Thereafter, Allen filed a brief in support of his petition. (Filing No. 23.)

## II. ANALYSIS

**A. Date on Which Judgment Became Final**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, establishes a one-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates. 28 U.S.C. § 2244(d)(1). This case

concerns only the first date listed in § 2244(d)(1): "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A).

It is undisputed that Allen's conviction became final on June 26, 2012, which is 90 days after the Nebraska Supreme Court denied a petition for further review of his direct appeal. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012) (holding that, for petitioners who do not pursue direct review all the way to the United States Supreme Court, a judgment becomes final "when the time for pursuing direct review in [the Supreme Court], or in state court, expires."); *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) ("If the Supreme Court has jurisdiction to review the direct appeal, the judgment becomes final ninety days after the conclusion of the prisoner's direct criminal appeals in the state system.") (citing Sup.Ct.R. 13.1).

Allen filed his habeas corpus petition in this case on March 6, 2014, which is 618 days after his conviction became final on June 26, 2012. Thus, absent tolling of the limitations period, Allen filed his petition more than one year after his conviction became final.

**B.     Statutory Tolling**

"The statute of limitations is tolled while state post-conviction or other collateral review is pending." *King*, 666 F.3d at 1135 (citing 28 U.S.C. § 2244(d)(2)). The post-conviction action is considered "pending" until "the application has achieved final resolution through the State's post-conviction procedures." *Carey v. Saffold*, 536 U.S. 214, 220 (2002).

3

Allen filed his motion for post-conviction relief on July 23, 2012, which was 27 days after Allen's conviction became final. These 27 days count toward the one-year limitations period.

The state district court denied the motion only 24 days later, on August 16, 2012. Allen did not appeal the state district court's decision within 30 days as required by Nebraska statutory law. See Neb. Rev. Stat. § 25-1912(1). Rather, he filed a notice of appeal 245 days later, on April 18, 2013. The limitations period was not tolled during these 245 days because a state post-conviction application is "pending" in the interval between a lower court's adverse determination and the prisoner's filing of an appeal, "*provided that* the filing of the notice of appeal is timely under state law." *Evans v. Chavis*, 546 U.S. 189, 191 (2006) (emphasis in original). In other words, these 245 days also count toward the one-year limitations period.

The Nebraska Court of Appeals dismissed Allen's appeal as untimely, and the Nebraska Supreme Court denied a petition for further review. The Nebraska Supreme Court issued its mandate on July 15, 2013. Allen waited an additional 234 days after the mandate issued to file his habeas corpus petition in this court. These 234 days also count toward the one-year limitations period.

Thus, at a minimum, more than 500 days count toward the one-year limitations period, even after taking into account the days the limitations period was tolled while Allen's post-conviction action was pending.

**C.    Equitable Tolling and Actual Innocence**

4

The limitations period may be subject to equitable tolling. Generally, a litigant seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006) (internal quotation marks and citation omitted). In addition, in *McQuiggins v. Perkins*, 133 S. Ct. 1924, 1928 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception.

Allen does not argue that he is entitled to equitable tolling of the limitations period or that he is actually innocent. As such, Allen has not presented the court with any reason to warrant the application of equitable tolling to the limitations period. In addition, Allen has not presented the court with any reason to excuse him from the procedural bar of the statute of limitations under the miscarriage-of-justice exception.

### III.  CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

5

In this case, Allen has failed to make a substantial showing of the denial of a constitutional right. The court is not persuaded that the issues raised in the petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the court will not issue a certificate of appealability in this case.

IT IS ORDERED:

1. This matter is dismissed with prejudice, and a separate judgment will be entered in accordance with this Memorandum and Order.

2. The court will not issue a certificate of appealability in this matter.

DATED this 31st day of March, 2015.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge